IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES GRASS,

        Plaintiff,

vs.                                                    CIVIL NO.   04-1198 BB/LFG

LADISLADO ALARCON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR DISCOVERY**
**AND EXTENDING TIME TO RESPOND**
**TO MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on Plaintiff James Grass' ("Grass") Motion for Discovery and 56(F) Affidavit, filed April 13, 2005 [Doc. 18]. The Court may resolve this motion without the need for a response.

**Background**

Grass' Complaint, brought under 42 U.S.C. § 1983 against Ladislado Alarcon[1] ("Alarcon"), an animal control officer employed by Bernalillo County, seeks damages for alleged violations of Grass' constitutional rights. The lawsuit arises out of an October 19, 2004 impoundment of Grass' German Shepherd "MayMay" after the County received a citizen report that the German Shepherd had aggressively approached a child at a school bus stop and bitten her.[2] MayMay was impounded and after the dog had not been retrieved, it was euthanized.

---

[1] Mr. Grass mistakenly identified the Defendant as Ladiflaod Alarcon.

[2] A subsequent investigation indicated that the child's skin had not been punctured, but that the dog grabbed her leg with its mouth and bruised it.

Grass contends that Alarcon wrongfully entered his property, seized the dog without a warrant, and misled Grass concerning Grass' ability to retrieve the dog, all in violation of Grass' right to due process. Grass also contends that Alarcon's subsequent filing of a criminal complaint against him for an alleged violation of Bernalillo County Ordinance, Ch. 6, § 6-69 (keeping a dangerous and aggressive dog that attacked a child), and Ch. 6, § 6-53 (allowing a dog to run loose), constituted malicious abuse of process.

On February 3, 2005, a Rule 16 scheduling conference was held. Grass agreed to withdraw his original complaint to proceed on a First Amended Complaint. Defendant advised that subsequent to receipt of the First Amended Complaint, he would file a proposed dispositive motion raising, *inter alia,* the defense of qualified immunity. Due to the proposed motion for summary judgment based on qualified immunity, the Court assigned the case to the "administrative" case management track pursuant to the district's Civil Justice Expense and Delay Reduction Plan and stayed discovery. Cases may be assigned this case management track when, based on the Court's preliminary review of the pleadings, it determines that all or a portion of the claim is susceptible to resolution by motion. Discovery is not permitted on administrative case management track cases unless the Court specifically authorizes it. [*See* Doc. No. 13.]

On March 30, 2005, Alarcon filed a Motion for Summary Judgment, supporting affidavits and a Memorandum Brief in support of the motion. The motion raised the defense of qualified immunity and requested dismissal of the lawsuit. [Doc. No. 16.] Grass' motion for discovery and Rule 56(f) affidavit (and attachments) argue that he should be permitted discovery in order to respond to the motion for summary judgment.

**Analysis**

A stay of discovery is mandated when a motion to dismiss based on qualified immunity is filed. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004), and is consistent with the benefits of a qualified immunity defense. Qualified immunity not only protects governmental officials who perform discretionary functions from liability, but also from the burdens of trial, including discovery. In Saucier v. Katz, the United States Supreme Court cautioned trial courts about their responsibilities in the face of a qualified immunity defense and noted that compelling parties to participate in discovery prior to the resolution of the qualified immunity may result in losing the very benefit the qualified immunity defense affords. Saucier, 533 U.S. 194, 200-202 (2001).

Thus, the Court's discretion is significantly limited in matters relating to discovery when the defense of qualified immunity is raised. However, to ensure that a plaintiff such as Grass is not denied the ability to adequately respond to a pending dispositive motion when discovery has been stayed, the Court is empowered to consider and determine a request for discovery that may be limited to the issue of qualified immunity.

In accord with the Court's Order [Doc. No. 13], Grass filed his motion for discovery and Rule 56(f) affidavit. While he requests an opportunity to engage in discovery, he fails to demonstrate how the proposed discovery or information that may be adduced during that process would assist him in rebutting Alarcon's *prima facie* showing of entitlement to summary dismissal.

It is insufficient for a plaintiff to simply argue that the motion for summary judgment is premature or that discovery should be undertaken. Rather, a plaintiff must specifically demonstrate what discovery is necessary and how that discovery would assist the party in overcoming a *prima facie* showing of entitlement to judgment. *See* Committee for the First Amendment v. Campbell, 962

3

F.2d 1517, 1523, n. 7 (10th Cir. 1992) (merely stating that more discovery is needed or that affidavits by unnamed parties will establish certain facts "is no more availing than unspecific references to yet-to-be discovered evidence . . . .") (internal citations omitted); Lewis v. City of Ft. Collins, 903 F.2d 752, 754, 757 (10th Cir. 1990) (a Rule 56(f) affidavit must demonstrate how discovery will enable the party to rebut a defendant's showing of objective reasonableness and/or demonstrate a connection between the information sought in discovery and the validity of the defendant's qualified immunity assertion), *abrogated recognized on other grounds by* Redpath v. City of Overland Park, 857 F. Supp. 1448, 1460 (D. Kan. 1994) (also recognizing that a plaintiff's belief that discovery will yield the evidence they seek is the kind of fishing expedition that the "Tenth Circuit has condemned time and time again").

Should the plaintiff file a properly supported Rule 56(f) affidavit, as described above, the Court may narrowly tailor discovery to the specific issue related to qualified immunity. Lewis, 903 F.2d at 757; Maxey by Maxey v. Fulton, 890 F.2d 279, 282 (10th Cir. 1989). Here, Grass fails to supply a description of the required specific information that would warrant lifting the stay.

For example, at most, Grass contends that a memo submitted by the Bernalillo County Animal Control Manager, Diane Snyder, mistakenly stated that "the dog was released from quarantine for rabies observation and Mr. Grass picked up the dog and all fees." However, it is undisputed that MayMay was indeed euthanized. It appears that Ms. Snyder's statement related to a prior incident where Grass was charged with a criminal complaint (MR341-04) for failure to comply with rabies and licensing requirements. In that situation, upon Grass' compliance, criminal charges were dismissed. In any event, the question concerning release of the dog to Grass is not in controversy, as all parties agree that MayMay was euthanized.

In addition, Grass' motion requests discovery on many matters that are not relevant to the pending motion. For example, he argues that seizure of other German Shepherds in an area close to his residence is "tantamount to the police have[ing] a description of a suspect of being white, hispanic, asian or black and the police officer racial profiling and detaining all people in that ethic [sic] group on a street." The curious analogy between racial profiling and seizure of German Shepherds is apparently made because German Shepherds generally are "mottled black and brown," but the analogy is specious. "Canine profiling" is certainly not relevant to the question of summary judgment.

So, too, Grass' request to engage in discovery about "widespread media coverage of Bernalillo County and the City of Albuquerque employees selling seized and impounded animals for profit" or Alarcon's alleged "vulgarity" or "behavior [that] goes beyond the pale and is unorthodox" and discovery to show "malfeasance, nonfeasance, incompetence and/or evidence of a criminal enterprise." None of this proposed discovery is relevant to the issue in the pending motion, and none of the evidence would be of assistance in overcoming Alarcon's *prima facie* showing.

Grass fails to convince the Court that discovery is necessary for him to be able to respond to Alarcon's pending motion. Requiring Alarcon to suffer the burdens of litigation and the expense of discovery in the face of a motion for summary judgment based on qualified immunity would force him to lose the very benefit of the qualified immunity defense. Saucier, 533 U.S. at 200-02; Jiron, 392 F.3d at 414. The Court determines that Grass failed to demonstrate the need to engage in any specific discovery before he could respond to the motion for summary judgment, and, accordingly, his motion for discovery is denied.

Pursuant to the Court's scheduling order, the parties were advised that the filing of the motion for discovery and 56(f) affidavit would stay the response time to the underlying motion. The Court now extends the time for Grass to respond to the motion to the full period of time to which he originally was entitled. Accordingly, Grass is given until May 9, 2005 to file his response to the motion for summary judgment.

IT IS THEREFORE ORDERED that Grass' Motion for Discovery and 56(F) Affidavit is DENIED, as described herein.

/s/ Lorenzo F. Garcia
Lorenzo F. Garcia
Chief United States Magistrate Judge