## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

**JAMES GRASS**,

                Plaintiff,

v.                                                   No. CIV 04-1198 BB/LFG

**LADISLADO ALARCON,**

                Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court for consideration of a motion for summary judgment filed by Defendant (Doc. 16), as well as a motion by Plaintiff for an order to show cause and an emergency injunction (Doc. 26).  After considering the submissions of the parties and the applicable law, the Court will deny the motion for emergency injunction.  The motion for summary judgment will be held in abeyance to allow Plaintiff an opportunity to submit evidence in a form that may be considered for summary-judgment purposes.

       **Motion for Emergency Injunction:**  This motion is subject to denial for several reasons. First, Plaintiff asks for relief against entities or individuals that are not parties to the case.  The only Defendant remaining in this case is Mr. Alarcon; however, Plaintiff's motion asks that Bernalillo County and the agents of Bernalillo County be prevented from engaging in a "bogus prosecution" of Plaintiff.  Since neither Bernalillo County nor its agents (except for Defendant) are parties to the suit, the Court lacks authority to enjoin them from doing anything.  *See* F.R.C.P. Rule 65(d) (injunction is binding only upon the parties to an action).

Second, Plaintiff's motion is moot and asks for relief this Court would not grant in any event.  Evidence submitted to the Court indicates there are no plans to prosecute Plaintiff as a result of the circumstances leading to the filing of Plaintiff's motion.  [Exh. A, Resp.] Furthermore, even if the County did have plans to prosecute Plaintiff, the *Younger* doctrine would require the Court to refrain from interfering in such a prosecution, absent exceptional circumstances not present in this case.  *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004) (under *Younger* doctrine, federal courts generally will abstain from any attempt to enjoin a state criminal prosecution).

Based on the foregoing, the motion for emergency injunction will be denied.

**Motion for Summary Judgment:**  Defendant has moved for summary judgment on all claims raised by Plaintiff.  In support of the motion, Defendant properly attached sworn testimony in the form of affidavits.  *See* F.R.C.P. Rule 56.  In response, Plaintiff has made a number of factual assertions that are not sworn or declared under penalty of perjury, but are simply part of his argument.[1]  Normally, unsworn statements that are contained in a brief may not be considered by a court when a motion for summary judgment is being decided.  *See, e.g., Hayes v. Marriott*, 70 F.3d 1144, 1148 (10th Cir. 1996) (unsworn affidavits may not be basis for granting summary judgment).  This case is complicated, however, by the fact that Plaintiff's original complaint [Doc. 1] was signed under penalty of perjury, and therefore was entitled to be considered an affidavit at the time it was filed.  *See  Green v. Branson*, 108 F.3d 1296, 1301 n. 1 (10th Cir.1997) (if complaint has been sworn to under penalty of perjury, court treats it as an affidavit).  This original

---

[1]Plaintiff also attached several exhibits, but the majority of his factual assertions are contained in the body of his brief rather than in any admissible exhibit.

2

complaint contains a number of assertions of fact that might be relevant to Defendant's motion for summary judgment.  Subsequent to the original complaint, however, Plaintiff filed an amended complaint, which was not sworn under penalty of perjury, and which renders the original complaint a nullity.  *See Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (except for purposes of statute of limitations, amended pleading completely supersedes original pleading). This means the Court cannot consider the original complaint in deciding the motion for summary judgment.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (original complaint was verified under penalty of perjury and could have been considered as competent summary judgment evidence; however, two non-verified amended complaints superseded original complaint and rendered it of no legal effect); *Hatcher v. Fields*, 1997 WL 431784, fn. 2 (10th Cir. unpublished) (following *King*).

Although Plaintiff's response to the motion for summary judgment is therefore legally deficient, the Tenth Circuit has held several times that a district court must provide a pro se litigant an opportunity to correct errors in the form of materials submitted in opposition to a motion for summary judgment.  *See, e.g., Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139-40 (10th Cir. 1985); *Merila v. Johnson*, 1995 WL 225240 (10th Cir. unpublished) (pro se litigants must be given opportunity to remedy defects in their pleadings, including opportunity to resubmit affidavits to conform with requirements of federal rules).  In a case such as this, where Plaintiff filed a verified complaint that could have been considered for purposes of summary judgment, but then superseded that complaint with a non-verified amended complaint, it is appropriate to apply the *Jaxon* rule.  Plaintiff will therefore be given an opportunity to submit sworn or verified statements before the Court rules on Defendant's motion for summary judgment.

3

**ORDER**

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Plaintiff's

motion for an emergency injunction (Doc. 26) be, and hereby is, DENIED; and that Plaintiff be

given fifteen (15) days to submit, in a form that is acceptable for summary-judgment purposes, his

factual responses to Defendant's motion for summary judgment (Doc. 16).

Dated this 23rd day of November, 2005.


BRUCE D. BLACK
United States District Judge


**ATTORNEYS**

**For Plaintiff**
James Grass, pro se

**For Defendant**
William D. Slease
Jonlyn M. Martinez