IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES GRASS**,

        Plaintiff,

v.                                                                                                                            No. CIV 04-1198 BB/LFG

**LADISLADO ALARCON,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for consideration of a motion for summary judgment filed by Defendant (Doc. 16), as well as a motion by Defendant to strike Plaintiff's surreply brief (Doc. 34). After considering the submissions of the parties and the applicable law, the Court will grant in part and deny in part the motion for summary judgment. The motion to strike Plaintiff's surreply brief is unnecessary, as the arguments made by Plaintiff in that brief essentially duplicate arguments Plaintiff has made in his other briefs, and the Court has not considered the surreply brief in ruling on the motion for summary judgment. The motion to strike will therefore be denied.

**Motion for Summary Judgment:** "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a

motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider the motion for summary judgment in light of these standards, addressing each of Plaintiff's claims separately.

**Fourth Amendment Claim:** Plaintiff's claim is essentially as follows: Defendant entered the curtilage of Plaintiff's home (his yard) and seized Plaintiff's property (his dog, Maymay) without probable cause or a warrant.[1] Defendant maintains there were exigent circumstances allowing him to enter the premises without a warrant and seize Maymay. Based on the submissions of the parties, the Court finds there is a genuine issue of material fact as to the probable cause issue as well as the exigent circumstances issue.

Defendant concedes that Plaintiff's fenced yard is part of the curtilage of his home and is protected by the Fourth Amendment, as well he should. *See, e.g., United States v. Hatfield*, 333 F.3d 1189, 1196 (10th Cir. 2003) (back yard is part of curtilage of home). Also, several circuits have held that dogs are property protected by the Fourth Amendment from unreasonable seizure, and the Court agrees with that principle. *See, e.g., Altman v. City of High Point*, 330 F.3d 194, 203 (4th Cir. 2003); *Brown v. Muhlenberg Township*, 269 F.3d 205, 210 (3d Cir. 2001); *Lesher*

---

[1]There is some suggestion in the record that Plaintiff also claimed Defendant entered his house, in pursuit of Maymay. That assertion was not part of Plaintiff's sworn affidavit, and the Court therefore does not consider it. [Pltf. affidavit, unnumbered exhibit, Doc. 33]

*v. Reed*, 12 F.3d 148, 150 (8th Cir. 1994); *cf. Bewley v. City of Duncan*, 1998 WL 314382 (10th Cir.) (unpublished) (not addressing issue expressly, but analyzing seizure of dog under Fourth Amendment); *see also* NMSA §§ 77-1A-1 *et seq.* (outlining procedures to be followed for seizure and disposition of dog alleged to be dangerous).

Defendant argues, however, that his intrusion into the curtilage was justified because exigent circumstances existed allowing him to enter the yard and seize Maymay. According to Defendant, the exigent circumstances were the following: (1) he was sent to the 500 block of Niagara street on October 19, 2004, "in response to a report of a loose German Shepherd that had bitten a child earlier in the week"; (2) when he arrived at the 500 block of Niagara street, he observed "the German Shepherd" in the yard at 523 Niagara; and (3) although the dog was in the yard, the dog was not on a leash or restrained, and had access to the public street through open gates. [Deft. Affidavit, Exh. B, brief in support of MSJ] Notably, Defendant's affidavit does not indicate how he knew that the German Shepherd in Plaintiff's yard was the same German Shepherd that had been seen running loose, by a different individual, at some earlier time. Furthermore, Defendant's affidavit does not indicate how he knew this German Shepherd was the same one that had allegedly bitten a child earlier that week. Finally, Plaintiff has submitted a sworn affidavit attesting that the gates were not open at the time Defendant saw and seized Maymay. [Pltf. Affid., unnumbered exhibit, Doc. 33] The Court therefore finds there is a genuine issue of fact as to whether Defendant had probable cause to seize Maymay at all. In addition, there is a genuine issue of fact as to whether exigent circumstances existed allowing Defendant to

enter Plaintiff's yard in pursuit of Maymay.[2]  Summary judgment will be denied on Plaintiff's Fourth Amendment claim.

**Due Process Claim:**  Plaintiff's due-process claim is more difficult to discern, but it appears to be a claim that he was not given an adequate opportunity to retrieve Maymay after Defendant seized her.  The concept of due process protects citizens from being deprived of their property, such as a dog, without some sort of notice and opportunity to be heard, appropriate to the circumstances.  *See, e.g., Wall v. City of Brookfield*, 406 F.3d 458, 460 (7th Cir. 2005) (although temporary deprivation of plaintiff's dog implicated due-process concerns, those concerns were slight where deprivation was only temporary; availability of state-law remedy for obtaining return of dog obviated plaintiff's federal claim); *Brown, supra*, 269 F.3d at 213-14 (analyzing shooting of dog under due process clause, but holding no predeprivation process was required where officer shot plaintiff's dog in random, unforeseeable act, and no due process claim was viable because state provided remedy for officer's action).

Defendant argues in essence that Plaintiff was given adequate notice in this case because the City of Albuquerque Animal Services Center, where Maymay was ostensibly being held, "attempted" to contact Plaintiff and inform him he could retrieve his dog after October 23, 2004. [Snyder Affid., Exh. A, Brief in supp. of MSJ]  There are several problems with this assertion.

---

[2]Defendant relies heavily on the unpublished *Bewley* case decided by the 10th Circuit and cited above.  In *Bewley*, however, witnesses positively identified the dog that had been running loose and menacing people as plaintiff's dog.  Furthermore, in *Bewley* it was apparently undisputed that the dog was not confined by a fence and had access to the street; in fact, he ran through the neighborhood while the officers chased him.  In this case, on the other hand, there is sworn testimony that the gates to Plaintiff's property were closed.  The Court cannot reconcile the conflict between Defendant's affidavit and Plaintiff's affidavit on summary judgment, and must instead accept Plaintiff's version of the facts.

First, there is at least an issue of fact as to whether an "attempt" to notify Plaintiff qualifies as constitutionally adequate notice and provides an adequate opportunity to be heard. Second, the evidence of this "attempt" is not admissible and cannot be considered by the Court. Ms. Snyder refers to two e-mails attached to her affidavit in support of her assertion. It is true that e-mails may be admissible if their contents are not hearsay and they provide sufficient information to authenticate their origin, including the author's name. *See Sea-Land Service, Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 821 (9th Cir. 2002). The e-mails submitted by Defendant, however, contain no identifying information as to the author. Furthermore, their contents appear to have been written by a non-party witness and are hearsay.

At this point, therefore, there is no admissible evidence that anyone notified Plaintiff of the location of Maymay and of what he could do to retrieve her.[3] Accordingly, there is a genuine issue of material fact as to whether Plaintiff was given adequate notice and opportunity to be heard following the deprivation of his property. There are also genuine issues of fact as to whether the possible failure to provide Plaintiff with due process was a random, unforeseeable act by a County employee, or was pursuant to the regular procedures established by the County for dealing with impounded dogs. This question is relevant to the issues of whether post-deprivation remedies provided by state law might have been sufficient, meaning Plaintiff should have pursued them instead of this due-process claim. *See Wall, supra,* and *Brown, supra*. It is also relevant to the issue of whether Plaintiff might have a viable due-process claim against the County of

---

[3]Plaintiff himself did aver that after receiving a message on his "home machine" he went to an animal facility run by the City of Albuquerque, but that Maymay was not at that facility. [Pltf. affidavit, unnumbered exhibit, Doc. 33] This is not sufficient evidence that he received adequate notice and opportunity to be heard before he was permanently deprived of Maymay.

Bernalillo. *See, e.g., Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) (municipality can be held liable under § 1983 if custom or policy caused a constitutional violation).

Based on the foregoing discussion, there is a possibility that Plaintiff has an actionable due-process claim arising out of the events in question. The problem for Plaintiff at this point, however, is that there is no evidence that Defendant Alarcon had anything to do with the possible violation. There is no evidence that Defendant himself played any role in providing Plaintiff with notice or failing to provide such notice, or in the ultimate decision to euthanize Maymay (or, as Plaintiff seems to allege, adopt Maymay out to a different family). A constitutional claim can only be brought against the individual or entity responsible for that violation. *Jenkins*, *supra*, 81 F.3d at 994. Summary judgment therefore must be granted to Defendant Alarcon on the due-process claim. However, the Court notes Plaintiff originally named Defendant's employer, the County of Bernalillo, as a defendant. Following a scheduling conference, Plaintiff agreed to file an amended complaint removing the County as a defendant and naming only Defendant as a party. [Doc. 13] By doing so, Plaintiff may have eliminated his potential due-process claim. Therefore, if the circumstances of this case and the interests of justice warrant, and it appears there is a viable due-process claim against the County as a result of the County's custom and policy concerning the return of dogs impounded by the County's employees, the Court will entertain a motion to amend Plaintiff's complaint yet again to reassert Plaintiff's due-process claim against the County. Whether that is the case will have to be established during discovery.

**Malicious Prosecution Claim:** Plaintiff's malicious prosecution claim against Defendant arises out of the fact that Defendant filed a criminal complaint against Plaintiff, charging Plaintiff with allowing his dog to run loose and with keeping a dangerous and aggressive dog. The

6

complaint was later dismissed. There is no indication in the record that Plaintiff was ever arrested or had his liberty restricted in any way as a result of the criminal complaint. For that reason, to the extent his claim attempts to raise a constitutional claim of malicious prosecution, summary judgment is appropriate. *See Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir.1996) (to state § 1983 claim for malicious prosecution, filing of criminal action must have caused a Fourth Amendment seizure of the person; it is not sufficient that complaint lacking merit had been filed).

Furthermore, to the extent Plaintiff is attempting to raise a state-law claim of malicious abuse of process, summary judgment is also appropriate. Plaintiff has produced no evidence as to any improper motive Defendant might have had for filing the criminal complaint; such an improper motive is one element of the tort of malicious abuse of process. *Devaney v. Thriftway Marketing Corp.*, 953 P.2d 277, 283 (N.M. 1997). At most, Plaintiff has raised an issue of fact as to whether Defendant had probable cause for filing the complaint. That alone is not sufficient. *Id.* Summary judgment will therefore be granted on Plaintiff's malicious-prosecution claim, whether it is considered a § 1983 claim or a state-law claim.

**Conclusion:** Based on the foregoing, Defendant's motion to strike Plaintiff's surreply brief will be denied, as the Court has not considered the arguments made in that brief. In addition, Defendant's motion for summary judgment will be denied with respect to the Fourth Amendment claim for unreasonable seizure of Maymay. That motion will be granted as to the due-process claim against Defendant individually, although if circumstances warrant leave may later be granted to amend the complaint to state such a claim against the County. Finally, the motion for summary judgment will be granted as to the malicious-prosecution claim.

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Defendant's motion for summary judgment (Doc. 16) be, and hereby is, GRANTED in part and DENIED in part. It is also ORDERED that Defendant's motion (Doc. 34) to strike Plaintiff's surreply brief be, and hereby is, DENIED.

Dated this 29th day of March, 2006.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**

**For Plaintiff**
James Grass, pro se

**For Defendant**
William D. Slease
Jonlyn M. Martinez